**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOE HUMBERTO PEREZ, | No. 21-15 |
| Petitioner, | |
| v. | Agency No. A029-176-854 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 13, 2023**
Pasadena, California

Before: WALLACH,*** CHRISTEN, and OWENS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Petitioner Noe Humberto Perez, a native and citizen of El Salvador, entered the United States in 1986 without immigration documents. In 1998, he was convicted of the offense of assault with a semiautomatic firearm under Section 245(b) of the California Penal Code. The U.S. Department of Homeland Security determined the offense qualifies as an aggravated felony and issued an administrative order of removal under Section 238(b) of the Immigration and Nationality Act ("INA"). Petitioner sought withholding of removal and protection under the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") denied all requested relief, and the Board of Immigration Appeals ("BIA") adopted and affirmed the IJ's decision. Petitioner timely seeks our review. We deny the petition.

1. Regarding withholding of removal, the BIA found that Petitioner had waived his appeal of the IJ's denial of withholding of removal by failing to challenge on appeal the IJ's finding that Petitioner is statutorily ineligible for withholding of removal due to a past conviction deemed to be an aggravated felony and a *per se* particularly serious crime. Petitioner concedes that he did not dispute this finding by the IJ before the BIA, and that it is therefore unexhausted. Under Section 242(d)(1) of the INA, we may deny a petition where an alien has failed to "exhaust[] all administrative remedies available to the alien as of right." Umana-

2

Escobar v. Garland, 69 F.4th 544, 550 (9th Cir. 2023). Therefore, we deny the portion of the petition regarding withholding of removal.

2. As for protection under CAT, the BIA adopted and affirmed the IJ's decision to deny relief under CAT due to an absence of past torture, the generalized nature of Petitioner's claim, and the lack of evidence that governmental authorities would fail to protect him. We review for substantial evidence the agency's CAT determination, see Lalayan v. Garland, 4 F.4th 822, 840 (9th Cir. 2021). We affirm the BIA's decision.

Petitioner argued before the agency that he faces a likelihood of torture upon removal because he has extensive gang-related tattoos from his former life as a gang member, and that general country conditions in El Salvador present risks of being targeted for violence for those who have tattoos. The IJ found, and the BIA affirmed, that the evidence and assertions put forward by Petitioner only offered broad, general evidence of any risk of torture, and that Petitioner did not present a sufficiently personalized risk of torture.

To obtain relief under CAT, Petitioner must do more than make generalized claims that the authorities of a country are not able to effectively prevent crime. Andrade-Garcia v. Lynch, 828 F.3d 829, 836 (9th Cir. 2016) (citing Garcia-Milian v. Holder, 755 F.3d 1026, 1034 (9th Cir. 2014)). Speculation about the possibility

of torture or that the authorities would not do their duty to prevent harm is not enough.  See Matter of J-F-F, 23 I&N Dec. 912, 917-18 (A.G. 2006).

Petitioner argues that the IJ failed to account for corruption within El Salvador and "its potential connection" to the persecution Petitioner will face upon his removal, and that Petitioner proved each step in the "series of suppositions" such that the threat of torture was not speculative.  However, the IJ did consider the evidence of corruption in El Salvador and found that it did not demonstrate that Petitioner would be "specifically" targeted for torture upon his return, and Petitioner does not describe how his asserted evidence provides proof of the "series of suppositions" noted by the IJ.

The BIA considered these arguments and found no clear error in the IJ's findings, because mere speculation of a likelihood of torture is insufficient to demonstrate eligibility for CAT relief.  Because the BIA and IJ found no evidence of threats of torture against Petitioner, specifically, and Petitioner has not shown any error in these findings on appeal, we find substantial evidence for the BIA's decision as to relief for Petitioner under CAT.  Accordingly, we affirm the denial of relief under CAT.

PETITION DENIED.